Filed 5/25/22  P. v. Randle CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093391 |
| Plaintiff and Respondent, | (Super. Ct. No. LOD-CR-FE-COD-2019-0001552) |
| v. | |
| DARNELL WILLIAM RANDLE, | |
| Defendant and Appellant. | |

Following a court trial, defendant Darnell William Randle was found guilty of second degree robbery and allegations of multiple prior serious felony convictions were found true.  Defendant was sentenced to 15 years in state prison based on the upper term of five years for second degree robbery, doubled for a prior strike, plus five years for another prior conviction.

While defendant's appeal was pending, Penal Code section 1170[1] was amended by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill No. 567). Both parties agree Senate Bill No. 567 applies retroactively to defendant's case, but they disagree on whether remand is necessary. We decline to remand as the error in sentencing defendant under the prior version of the statute was harmless beyond a reasonable doubt, as we will explain. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and his codefendant robbed a bank. The bank tellers gave them "bait money" with tracking devices, and the two were soon apprehended by the police.

Defendant waived his right to jury trial in exchange for a sentence of no more than 20 years in prison. At the court trial, defendant admitted multiple times that he was on parole when he committed the current offense. The People introduced two of defendant's certified section 969b prison packets well as the certified California Law Enforcement Telecommunications System (CLETS) report into evidence. The CLETS report showed defendant's current offense was a violation of parole and he had prior parole violations, one of the prison packets also showed parole revocations and the fact that defendant was on parole for robbery at the time of the current offense. Both certified records also showed defendant's lengthy criminal history.

After the trial, the court found defendant guilty of second degree robbery. Based on the certified records, the court found true allegations of three prior strike convictions and two prior serious felony convictions. The certified records specifically showed that defendant had been convicted of robbery multiple times from 2007 through 2013 and had been on and off parole for these convictions, most recently on parole since 2017.

---

[1] Further undesignated section references are to the Penal Code.

At sentencing, the trial court noted defendant's "numerous" prior offenses, which, as we have discussed, were established through certified records. Although the court also indicated that it had reviewed and considered defendant's probation report and its attached letters from defendant's family and observed defendant's crime indicated "planning and sophistication," the court specifically announced that it was "picking the upper term because" defendant "was on parole at the time for another robbery, and he unsuccessfully completed parole by committing this new offense."

The trial court sentenced defendant to a total of 15 years in state prison. Defendant timely appealed, challenging only the imposition of the five-year upper term sentence for the robbery conviction. The briefing schedule was delayed due to defendant's motion to augment the record and both parties' requests for extension of time to file their respective briefs. The case was fully briefed on February 22, 2022, and assigned to this panel on March 4, 2022. Defendant waived oral argument and the case was deemed submitted on May 20, 2022.

DISCUSSION

On appeal, the parties agree Senate Bill No. 567 applies retroactively to this case. Defendant argues his case should be remanded for a new sentencing hearing pursuant to the amended section 1170 because the trial court did not find true beyond a reasonable doubt the facts underlying the circumstances justifying the upper term, nor were those facts stipulated. The Attorney General counters that remand is unnecessary and any error was harmless.

We agree Senate Bill No. 567 applies retroactively, and find any error in failing to make the required findings harmless beyond a reasonable doubt, as we next explain.

At the time defendant was sentenced, former section 1170 provided that when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the choice of the appropriate term shall rest within the sound discretion of the court."

3

(Former § 1170, subd. (b).)  To inform the sentencing court's decision, the California Rules of Court list various circumstances in aggravation and mitigation.

Senate Bill No. 567 amended section 1170, effective January 1, 2022.  Under the newly amended version of section 1170, when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [§ 1170, subd. (b)(2)]."  (§ 1170, subd. (b)(1).)  Section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Nothing in the statutory language or legislative history of Senate Bill No. 567 indicates the amendments to section 1170 were intended to apply prospectively only.  Moreover, Senate Bill No. 567 is an ameliorative statute because it provides for a presumptive middle term absent the presence of circumstances in aggravation that either must be stipulated to by the defendant or proven beyond a reasonable doubt at trial.  (§ 1170, subd. (b)(2).)  Enacting restrictions on the trial court's discretionary ability to impose an upper term under section 1170 constitutes an ameliorative change in the law by reducing the possible punishment for certain defendants.  (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303; *In re Estrada* (1965) 63 Cal.2d. 740, 744.)  Thus, we agree with the parties that under *Estrada*, Senate Bill No. 567's amendments to section 1170, subdivision (b) apply to defendant's case.

Here, it is undisputed that the trial court did not have the benefit of these amendments at the time it sentenced defendant to the upper term for robbery.  However, in cases where there is no reasonable doubt but that the same result would have been achieved if applying the newly amended statute, this error may be construed as harmless

4

beyond a reasonable doubt. (*People v. Lopez* (2022) __ Cal.App.5th __, __ [2022 Cal.App. Lexis 398, p. *8] [where a sentencing factor must be found true by a jury and the court fails to ensure that it is, the error does not require reversal if determined on appeal to be harmless beyond a reasonable doubt, applying test set forth in *Chapman v. California* (1967) 386 U.S. 18].) Application of this test requires us to examine whether the " 'evidence supporting that factor is overwhelming and uncontested, and there is no "evidence that could rationally lead to a contrary finding." ' " (*Lopez*, p. *8.) Thus, "to conclude that the trial court's reliance on improper factors . . . was not prejudicial, we would have to conclude beyond a reasonable doubt that [the judge in this court trial] would have found true beyond a reasonable doubt *every factor on which the court relied*." (*Ibid*.) Here, because the record is clear as to the factors on which the trial court relied, and we are able to reach the required conclusion aptly outlined by the *Lopez* court, we need not remand.

Under section 1170, subdivision (b)(3), a trial court may properly consider a defendant's prior convictions when making its sentencing decision based on certified records of conviction without submitting the prior conviction to a jury. As we have described, this was a court trial, and defendant's numerous prior convictions and parole status at various junctures were proven by certified records presented to the trial court. Even assuming parole status evidence is not included within section 1170, subdivision (b)(3)'s exception to the rule, as we have discussed *ante*, defendant admitted his parole status multiple times while on the stand, under oath, and his parole performance was documented by certified CLETS records as well as portions of the certified records of conviction for the individual offenses. Thus, the evidence underlying the only two factors specifically cited by the trial court to support imposition of the upper term, that defendant "was on parole at the time for another robbery, and he unsuccessfully completed parole by committing this new offense," was "overwhelming and uncontested," and there was no " 'evidence that could rationally lead to a contrary

finding.' " (*People v. Lopez*, *supra*, __ Cal.App.5th at p. __ [2022 Cal.App. Lexis , p. *8].) The error was therefore harmless beyond a reasonable doubt.

DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, J.

I concur:


/s/
_____
Blease, Acting P. J.


I concur in the result:


/s/
_____
Robie, J.

6